UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WALTER ALLEN ROTHGERY, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. A04CA456 LY |
| GILLESPIE COUNTY, TEXAS, | ) |
| Defendant. | ) |

## ORIGINAL COMPLAINT

Plaintiff Walter Allen Rothgery, by and through his undersigned attorneys, brings this action against the above-named Defendant and, in support thereof, states the following:

### INTRODUCTION

1.   Walter Rothgery was erroneously arrested in Gillespie County for being a felon in possession of a firearm, when he was not, in fact, a felon. Mr. Rothgery could not afford to hire a lawyer, and so he promptly and repeatedly requested that Gillespie County appoint a lawyer to assist him in clearing the charges against him. A lawyer was not appointed for six months after Mr. Rothgery's initial request. During those six months, Mr. Rothgery was unnecessarily indicted, had his bail increased, and was re-arrested, and he was subject to financial and emotional hardship as a result of the pending criminal

charges. When a lawyer was finally appointed for Mr. Rothgery, the lawyer was able to quickly obtain the necessary paperwork showing that Mr. Rothgery was not a previously convicted felon, and the charges against him were promptly dropped. Mr. Rothgery brings this action under 42 U.S.C. § 1983 for damages caused by Gillespie County's failure to promptly afford him access to an attorney as required by the Sixth and Fourteenth Amendments to the U.S. Constitution.

## JURISDICTION AND VENUE

2.  This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Mr. Rothgery alleges violations of his rights under the United States Constitution. Venue is proper in this court under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this district and Gillespie County is within the Austin Division of the Western District of Texas.

## PARTIES

3.  Plaintiff WALTER ALLEN ROTHGERY is an individual residing in Gillespie County, Texas.

4.  Defendant GILLESPIE COUNTY, TEXAS is a "person" for purposes of 42 U.S.C. § 1983. Gillespie County may be served with citation by serving Mark Stroeher, Gillespie County Judge, 101 West Main Street #9, Fredericksburg, TX 78624.

## FACTUAL BACKGROUND

5.  In the spring of 2002, Mr. Rothgery moved from Arizona to Fredericksburg, Gillespie County, Texas to work as a manager at Oakwood RV Park. He had previously

2

managed a storage property in Arizona owned by the owners of Oakwood RV Park, and when he moved he temporarily left many of his household belongings in their care in Arizona so that he could more promptly assume his managerial duties at the RV park.

6. At one point during the management transition, Mr. Rothgery went to the home of one of the outgoing managers, Ray Barreto. When Mr. Barreto opened the door he had a gun in his hand and was combative. Mr. Barreto lived near Mr. Rothgery's home, and he told Mr. Rothgery that he had a clear shot into Mr. Rothgery's home from his doorway.

7. After this confrontation during which Mr. Barreto threatened Mr. Rothgery with a gun, Mr. Rothgery routinely wore a security guard belt when he was in the Oakwood RV Park, where Mr. Barreto lived. The security guard belt included a gun holster, in which Mr. Rothgery carried a gun. Mr. Rothgery had routinely provided security on the Arizona property he had previously managed for the owners of the Oakwood RV Park, and he had regularly worn the security guard belt in the course of his work in Arizona.

8. Due to ongoing management problems at Oakwood RV Park caused by the outgoing management team's failure to cooperate with and adequately train Mr. Rothgery, the owners of the RV park fired Mr. Rothgery in July 2002.

9. On July 15, 2002, one of the residents of Oakwood RV Park saw Mr. Rothgery walking around the RV park and wearing his security guard belt, and called the Fredericksburg Police Department to report that Mr. Rothgery was wearing a gun.

Officers of the Fredericksburg Police Department responded to Oakwood RV Park, detained Mr. Rothgery, and seized the security guard belt and all of its contents.

10. After Mr. Rothgery was detained, officers of the Fredericksburg Police Department ran a criminal background check and received information that Mr. Rothgery had been convicted of a felony in California in 1996. The officers subsequently charged Mr. Rothgery with Unlawfully Carrying a Firearm by a Felon, which is a third degree felony under Texas law.

11. Mr. Rothgery did not, in fact, have a felony conviction. Although Mr. Rothgery had been charged with a felony in California in 1996, the charges against him had been dismissed. Mr. Rothgery was therefore not guilty of the crime with which he was charged.

12. Mr. Rothgery could not afford to hire a private attorney to help him prove that he was not guilty of the felony criminal charge filed against him in Gillespie County. Accordingly, in July 2002, while he was still being held in the Gillespie County Jail, he requested that counsel be appointed in his case.

13. Bail in Mr. Rothgery's criminal case was set at $5,000. Mr. Rothgery's wife arranged to have a bond posted on his behalf, and Mr. Rothgery was released from the Gillespie County Jail on or about July 24, 2002. After he bonded out of jail, and before he left the jail building, Mr. Rothgery inquired as to the status of his request for appointed counsel. Gillespie County employees working at the jail informed Mr. Rothgery that they could not locate his request for counsel, and they provided him with another counsel

request form. Mr. Rothgery completed that form and had it notarized on July 24, 2002, and submitted the form to county employees working at the jail.

14. While he was waiting for a lawyer to be appointed to his case so that he could prove his innocence, Mr. Rothgery began to look for a new job. However, all of the potential employers he contacted knew or learned of the criminal charge pending against him in Gillespie County, and Mr. Rothgery was unable to find any employment for wages. Mr. Rothgery and his wife had no income and, because his wife had moved out of Oakwood RV Park after the criminal charge was filed, no place to live. Mr. Rothgery and his wife eventually found a landlord who would let them live in a house on his property in exchange for work. Mr. Rothgery did not receive any wages for this employment, and never secured employment for wages as long as the criminal charge was pending. Because they did not have any income, Mr. Rothgery and his wife were unable to return to Arizona to retrieve their household possessions, most of which had been left in their former employer's care when they moved to Texas.

15. Because of the significant impact the pending criminal charge was having on his reputation and livelihood, Mr. Rothgery repeatedly contacted Gillespie County and City of Fredericksburg employees throughout the fall of 2002 to inquire as to the status of his pending request for appointed counsel, and when he spoke to these employees he repeatedly renewed his request for appointed counsel. All of the individuals with whom Mr. Rothgery spoke regarding this matter simply informed him that no appointment had been made, and by the end of 2002 counsel still had not been appointed to assist Mr.

Rothgery. Mr. Rothgery's inability to prove in a timely manner that he was not guilty of the charge against him caused him substantial emotional harm.

16. In January 2003, the criminal charges were presented to a Gillespie County grand jury, which returned an indictment against Mr. Rothgery for the offense of Unlawfully Carrying a Firearm by a Felon. Mr. Rothgery's bail was increased to $15,000 after indictment, and Mr. Rothgery was arrested in light of the bail increase. When Mr. Rothgery was brought before the magistrate after this second arrest, he asked the magistrate about the status of his pending request for appointed counsel. The magistrate responded that Mr. Rothgery probably did not get an appointed lawyer because he did not deserve one. The magistrate nevertheless provided Mr. Rothgery with another counsel request form, which Mr. Rothgery filled out and returned to Gillespie County employees working at the jail.

17. Approximately three days after his second arrest, Mr. Rothgery was transferred to the Comanche County Jail due to overcrowding in Gillespie County. When Mr. Rothgery arrived at the Comanche County Jail, he again inquired about the status of his pending request for counsel. Comanche County employees informed him that they did not know anything about his request for counsel, and provided Mr. Rothgery with another counsel request form. Mr. Rothgery completed that form and had it notarized on January 23, 2003, and employees of Comanche County then forwarded the request form to Gillespie County. Judge Stephen Ables of the 216th District Court approved the request for counsel and appointed attorney Patrick Maguire to Mr. Rothgery's criminal case on

January 23, 2003.

18. Mr. Maguire contacted Mr. Rothgery to notify him of the appointment on January 31, 2003.

19. Mr. Maguire secured an order reducing Mr. Rothgery's bail to $5,000 on or about February 6, 2003. Mr. Rothgery's original $5,000 bond was applied to this amount, and Mr. Rothgery was released on bond on or about February 8, 2003.

20. Once counsel was appointed and Mr. Rothgery was released from jail, Mr. Rothgery quickly provided Mr. Maguire with information that allowed him to confirm Mr. Rothgery's claim of innocence. Mr. Maguire obtained records from California establishing that the 1996 felony charges filed against Mr. Rothgery had been dismissed, and provided those records to the Gillespie County District Attorney's office.

21. The charge against Mr. Rothgery of Unlawfully Carrying a Firearm by a Felon was dismissed by Judge Ables on or about April 30, 2003, because Mr. Rothgery was not a convicted felon at the time of his arrest in Gillespie County on July 15, 2002.

22. Defendant Gillespie County has and follows a policy, practice, and custom that denies access to appointed counsel to a person charged with a felony if that person is released from jail on bond, regardless of the person's financial status. Additionally and in the alternative if necessary, Defendant Gillespie County has and follows a policy, practice, and custom that denies access to appointed counsel to a person charged with a felony but not yet indicted if that person is out of custody on bond at the time of his or her request for counsel, regardless of the person's financial status. Further, Defendant Gillespie County

has and follows a policy, practice, and custom that involves failure to adequately train, supervise, and monitor county employees to whom the responsibility for preliminary processing of requests for appointed counsel has been delegated and that creates an unreasonable risk that applications for appointed counsel will not be recorded and will not be ruled upon in a timely manner. Defendant Gillespie County also has and follows a policy, practice, and custom that involves failure to adequately monitor appointed counsel and that creates an unreasonable risk that attorneys appointed to represent indigent criminal defendants will not promptly contact those defendants, thereby denying meaningful access to counsel.

## **CLAIMS FOR RELIEF**

### A.  COUNT ONE

23.  The Sixth Amendment to the United States Constitution, applicable to Defendant by virtue of the Fourteenth Amendment, provides, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."

24.  Defendant's failure to provide Mr. Rothgery with access to counsel, including, without limitation, by delaying appointment of counsel by six months, violated Mr. Rothgery's right to counsel under the Sixth Amendment to the United States Constitution, as incorporated and made applicable to the states by the Fourteenth Amendment.

25.  Mr. Rothgery seeks redress for the Defendant's violation of his federal

constitutional rights pursuant to the federal civil rights act, 42 U.S.C. § 1983.

**B.   COUNT TWO**

26. The Fourteenth Amendment to the United States Constitution provides, in relevant part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law."

27. Defendant's failure to provide Mr. Rothgery with access to counsel, including, without limitation, by delaying appointment of counsel by six months, violated Mr. Rothgery's right to due process under the Fourteenth Amendment to the United States Constitution.

28. Mr. Rothgery seeks redress for the Defendant's violation of federal constitutional rights pursuant to the federal civil rights act, 42 U.S.C. § 1983.

**C.   COUNT THREE**

29. The Fourteenth Amendment to the United States Constitution provides, in relevant part: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."

30. Defendant's failure to provide Mr. Rothgery with access to counsel, including, without limitation, by delaying appointment of counsel by six months, violated Mr. Rothgery's right to equal protection under the Fourteenth Amendment to the United States Constitution.

31. Mr. Rothgery seeks redress for the Defendant's violation of federal constitutional rights pursuant to the federal civil rights act, 42 U.S.C. § 1983.

## DEMAND FOR JURY TRIAL

32. Mr. Rothgery respectfully demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Rothgery respectfully prays for the following relief:

(a) Compensatory damages in an amount to be determined by the jury;

(b) The award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

(c) The granting of such other and further relief as the Court deems necessary or proper.

Dated: July 15, 2004

Respectfully submitted,

**WILLIAM CHRISTIAN**
TX Bar No. 00793505
Graves, Dougherty, Hearon, & Moody
515 Congress Avenue, Suite 2300
Austin, Texas 78701
Telephone: (512) 480-5600
Facsimile: (512) 480-5804


**ANDREA MARSH**
TX Bar No. 24039033
American Civil Liberties Union of Texas
Post Office Box 12905
Austin, Texas 78711
Telephone: (512) 478-7300
Facsimile: (512) 478-7303


By: _/s/ William Christian_
William Christian


Attorneys for Plaintiff Walter Allen Rothgery